# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| KEVIN D. MILLER, | |
| Plaintiff, | |
| v. | Case No. 2:15-CV-422 JVB |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration, | |
| Defendant. | |

## OPINION AND ORDER

Plaintiff Kevin D. Miller seeks judicial review of the Social Security Commissioner's denial of disability benefits, and asks this Court to remand the case. For the reasons below, the Court remands the case.

### A. Overview of the Case

Plaintiff alleges he became disabled on November 15, 2011, following a series of health issues, an injury at work, and injuries due to overuse in his right knee after undergoing surgery on his left knee. (R. at 43-44.) Plaintiff had previously worked as a carpenter. (R. at 515.) The Administrative Law Judge found that Plaintiff suffered from bilateral knee disorder, cervical degenerative disc disease, carpal tunnel syndrome, schizoaffective disorder, affective disorder, and substance abuse disorder. (R. at 502.) Nonetheless, the ALJ concluded that Plaintiff can still do various kinds of sedentary work, with limitations, so long as he never interacts with the public, and only interacts with coworkers and supervisors occasionally. (R. at 506.) T. (R. at 516.) This denial became final when the Social Security Appeals Council declined to assume

jurisdiction. (R.at 586.)

B.     **Standard of Review**

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005).

C.     **Disability Standard**

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012).

The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

D.     **Analysis**

Plaintiff submits that the ALJ: (1) did not adequately support the mental functioning capacity determination; (2) erred in considering Plaintiff's medical compliance; (3) erred in evaluating Plaintiff's symptoms and assigning weight to the opinion evidence; (4) erred when

evaluating new medical evidence; (5) and failed to follow SSR 96-8p. Finally, Plaintiff argues that in failing to discuss several of Plaintiff's arguments, the Commissioner agreed with Plaintiff that remand was necessary.

### (1) *The ALJ's mental functioning assessment was supported by relevant evidence a reasonable mind could understand*

Plaintiff claims the ALJ's mental functioning determination was not supported with sufficient evidence. The ALJ must support his determination with substantial evidence for it to stand. *See Diaz v. Chater*, 55 F.3d 300, 306 (7th Cir. 1995). Substantial evidence is relevant evidence that a reasonable mind could accept as adequate to support a conclusion. *See id.* at 305–306. Here, the ALJ considered significant medical evidence related to Plaintiff's mental capabilities, examining claims of schizophrenia and hearing voices, evidence of major depression and psychosis, and Plaintiff's inpatient hospitalizations. (R. at 511−513.) This evidence substantially supports the ALJ's mental functioning determination.

### (2) *The ALJ's consideration of Plaintiff's medical compliance was not erroneous*

Plaintiff asserts that the ALJ improperly considered Plaintiff's medical compliance. An ALJ may not determine Plaintiff's ability to work based on whether Plaintiff could hold a job if they were in medical compliance, such as taking medication for a mental illness. *Kangail v. Barnhart*, 454 F.3d 627, 630 (7th Cir. 2006). Even if a Plaintiff could function at a higher level if they were on medication, because mental illness can prevent a Plaintiff from doing things like taking their medication regularly, their mental conditional must be considered regardless. *Id.* at 630–31. Here, the ALJ mentioned Plaintiff's ability to function normally even when not taking his prescription medication, and not to decide whether Plaintiff would be able to work if he

complied with his prescriptions. (R. at 505). In short, when the ALJ's considered Plaintiff's medical compliance, he was not in error.

**(3)** ***The ALJ weighed and discussed the opinion evidence adequately and provided adequate information to support his symptom evaluation***

Plaintiff asserts that the ALJ failed to properly weigh the opinion evidence and improperly evaluated Plaintiff's symptoms. When considering a claimant's symptoms an ALJ evaluates many types of evidence and must make his own determinations about the evidence and its credibility. 20 C.F.R. § 404.1529. As long as the ALJ's credibility determinations have some support in the record, and are not patently wrong, they are upheld. *See Diaz,* 55 F.3d at 308. However, the ALJ must show a logical bridge between his findings and the evidence provided. *See Thomas v. Colvin*, 745 F.3d 820, 806 (7th Cir. 2014). Here, the ALJ sufficiently evaluated the medical evidence. The ALJ went into detail and evaluated different pieces of medical evidence, such as the Plaintiff's knee problems, spinal impairments, brachial plexopathy, and other conditions and claims. (R. at 506−514.) The ALJ also explained why he weighed opinion evidence as he did, evaluating and explaining his evaluation of each source of medical testimony separately. (R. at 513−514.) Additionally, the ALJ explained why the information he discussed supported his RFC determination. (R. at 510−514.) In short, the ALJ's determination was not unreasonable, patently wrong, or without support, and does not warrant reversal.

**(4)** ***The ALJ's erred when he did not submit new evidence to medical examination***

Plaintiff contends that the ALJ's evaluation of new medical evidence was in error. An ALJ should submit evidence to medical scrutiny when the evidence is "potentially decisive." *Goins v. Colvin*, 764 F.3d 677, 680 (7th Cir. 2014). And an ALJ should not rely on outdated

4

assessments when making their determinations. *See Stage v. Colvin*, 812 F.3d 1121, 1125 (7th Cir. 2016). Medical evidence from July of 2015 that included electromyogram and nerve conduction studies that potentially show cervical radiculopathy, focal left ulnar neuropraxia, and left ulna nerve neuropathy were not submitted to other medical professionals for medical scrutiny, which stopped the medical professionals providing opinions to update their assessments, and did not allow for a qualified examination of the test results. (R. at 1299, 1302.) Considering the potentially progressive nature of Plaintiff's claimed illness and the potentially determinative nature of the medical evidence that was not evaluated, Plaintiff's case requires remand for further assessment of Plaintiff's medical conditions.

**E.      Conclusion**

Much of the ALJ's opinion was accurate and sufficiently supported. However, the ALJ's decision not to have Plaintiff's new medical evidence reviewed by medical sources requires remand. Because this case is being remanded discussion of Plaintiff's other arguments is unnecessary.

SO ORDERED on March 26, 2018.

 S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE